IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

DRC Emergency Services, LLC, )
    Plaintiff, )
)
)
v. ) Case No. 11-485
)
)
Experian Information Solutions, Inc., )
    Defendant. )
)
)

## COMPLAINT

Plaintiff brings this action under 15 U.S.C. § 1681, the Fair Credit Reporting Act ("FCRA") to recover all damages, penalties and other remedies established by the Fair Credit Reporting Act.

### I. Jurisdiction and Venue

1. This controversy arises under 15 U.S.C. § 1681, the Fair Credit Reporting Act ("FCRA"), arising from the Defendant's knowing presentation and publication of false or fraudulent information on the Plaintiff's credit report.

2. This court has jurisdiction over this matter arising from the FCRA.

3. This court has venue over this matter arising from the FCRA.

### II. Parties

4. Defendant, Experian Information Solutions, Inc. ("Experian") is a credit reporting service under the terms of the FCRA. Experian has its principal place of business in Orange, California.

5.  Plaintiff, DRC Emergency Services, LLC ("DRCES"), is a limited liability company, duly formed, created and organized under and by virtue of the laws of the State of Alabama, having its principal place of business in Mobile, Alabama.

### III.  FACTS

6.  In June, 2011, DRCES was denied credit based on of information found in Experian's prepared credit report for DRC Emergency Services.

7.  DRCES requested a copy of said report.

8.  DRCES notified Experian that a number of items were incorrect in the report using the business disputes email as required by Experian on June 17, 2011.

9.  These incorrect items included two bankruptcies, multiple tax liens and the merger of several companies called "DRC, Inc." onto the credit report. It should be noted that while there is a South Carolina company named "DRC, Inc." which shares a principal office address and has some common ownership and management, this entity is neither a parent nor branch company of DRCES. DRC, Inc. has also never filed bankruptcy nor does it have any tax liens.

10. The two bankruptcy filings and multiple tax liens relate to completely unaffiliated companies who share no common ownership nor management and who are believed to only use the name "DRC, Inc." as an abbreviation for their full business names.

11. This incorrect information is not contained on any other credit report, including the reports issued by Equifax, Transunion and Dun & Bradstreet.

12. Upon information and belief, no action was taken by Experian to rectify this matter.

13. DRCES requested an update about the situation on July 6, 2011. This request was ignored.

14. DRCES was denied credit throughout the months of June and July 2011 when it attempted to negotiate contracts, including but not limited to renting apartments for employees and establishing equipment leasing accounts.

15. DRCES was denied an extension to a contract on August 16, 2011 due to "bankruptcies" on the credit report with a city government for a standby contract relating to disaster cleanup which it had previously held.

16. DRCES has never filed bankruptcy and the only mention of bankruptcy on any DRCES credit report has occurred on the Experian filings.

17. DRCES contacted Experian again on August 17, 2011 to request the false and incorrect items be removed.

18. DRCES demanded that Experian contact DRCES concerning the situation by no later than close of business on August 18, 2011, which was ignored.

19. Experian has made no effort to rectify this situation

20. Experian continues to maintain false information in the credit report of DRCES.

IV. **CAUSES OF ACTION**

### COUNT ONE
### VIOLATION OF THE FAIR CREDIT REPORTING ACT

21. Plaintiff incorporates by reference paragraphs 1 through 20.

22. Defendant is a consumer reporting agency under 15 U.S.C. § 1681a (e).

23. Plaintiff notified Defendant of inaccuracies pursuant to 15 U.S.C. § 1681s-2.

24. Defendant has taken no action to rectify the inaccuracies.

25. Plaintiff continues to be harmed by Defendant's actions.

WHEREFORE, the Plaintiff prays the court enter the following relief:

1. That the Court requires that said incorrect information be removed from Plaintiff's credit report;

2. That the Defendant pays the civil penalties of not less than $100 and not more than $1,000 for each violation authorized by the Fair Credit Reporting Act for each of the violations;

3. That the Court grants any further relief that the Court deems just, together with Costs and Interest to the Plaintiff.

## COUNT TWO
## LIBEL

26. Plaintiff incorporates by reference paragraphs 1 through 25.

27. Defendant was negligent in the collection of the data contained on the credit report they have for DRCES as it merged multiple entities whose only shared link were the initials "DRC" contained somewhere within the entities name.

28. These entities have separate legal names, principal places of business, ownership, management and tax identification numbers.

29. Defendant has been notified that false information is contained on the credit report they have for DRCES.

30. Defendant has published said false information in the credit report for DRCES and furnished it to anyone who requests the credit report of DRCES.

31. When Plaintiff learned of the false information, it requested the information be removed and retracted on no fewer than three separate occasions, identifying the incorrect information in detail.

32. Defendant has made not action to correct the misinformation.

33. Defendant continues to distribute false information.

34. The credit report is libelous on its face. It exposes Plaintiff to harm from lost business opportunities, credit rejections and damages the Plaintiff's reputation as a trustworthy business.

35. Plaintiff has been damaged by the false information.

WHEREFORE, the Plaintiff demands judgment against Defendant for:

1. Compensatory damages in the amount of One Million Dollars;
2. Punitive damages in the amount of Two Million Dollars;
3. Interests as allowed by law;
4. Costs of suit; and
5. Any further relief that the Court deems just to the Plaintiff.

## COUNT THREE
## NEGLIGENT MISREPRESENTATION OF FACTS

36. Plaintiff incorporates by reference paragraphs 1 through 35.

37. Defendant merged the credit information for multiple companies into the report for DRCES.

38. This merger occurred despite the entities having separate names, principal places of business, ownership, management and tax identification numbers.

39. Defendant has a duty to maintain true and accurate credit records under the FCRA.

40. Defendant acts as a fiduciary for Plaintiff as well as every consumer who places their trust in Defendant to maintain true and accurate credit records under the FCRA.

41. Plaintiff has reasonably relied on Defendant to present true and accurate credit records under the FCRA.

42. Defendant breached this duty.

43. Plaintiff was damaged as a result of this breach.

WHEREFORE, the Plaintiff demands judgment against Defendant for:

1. Compensatory damages in the amount of One Million Dollars;
2. Interests as allowed by law;
3. Costs of suit; and
4. Any further relief that the Court deems just to the Plaintiff.

## COUNT FOUR
## WILLFUL MISREPRESENTATION OF FACTS

44. Plaintiff incorporates by reference paragraphs 1 through 43.

45. Defendant merged the credit information for multiple companies into the report for DRCES.

46. This merger occurred despite the entities having separate names, principal places of business, ownership, management and tax identification numbers.

47. Defendant has a duty to maintain true and accurate credit records under the FCRA.

48. Defendant acts as a fiduciary for Plaintiff as well as every consumer who places their trust in Defendant to maintain true and accurate credit records under the FCRA.

49. Plaintiff has reasonably relied on Defendant to present true and accurate credit records under the FCRA.

50. Defendant breached this duty.

51. Plaintiff informed Defendant on no less than three occasions as to which information was incorrect.

52. Defendant chose to ignore all requests for investigation into the matter.

53. Defendant willfully maintains the incorrect information in its credit report on DRCES.

54.     Plaintiff was damaged as a result of this breach.

WHEREFORE, the Plaintiff demands judgment against Defendant for:

1. Compensatory damages in the amount of One Million Dollars;

2. Punitive damages in the amount of Two Million Dollars;

3. Interests as allowed by law;

4. Costs of suit; and

5. Any further relief that the Court deems just to the Plaintiff.

      Respectfully submitted,

      s/Clifford C. (Kip) Sharpe
      Clifford C. (Kip) Sharpe SHARC 9901
      Attorney for the Plaintiff
      P.O. Box 8116
      Mobile, AL 36689
      Telephone: (251) 343-6700
      Fax: (251) 344-1666 (fax)
      Email: ksharpe@drcusa.com

      s/Margaret F. Demeranville
      Margaret F. Demeranville DEMEM6081
      Attorney for the Plaintiff
      P.O. Box 8116
      Mobile, AL 36689
      Telephone: (251) 343-6700
      Fax: (251) 344-1666 (fax)
      Email: mdemeranville@drcusa.com

SERVE DEFENDANT AT:

      Experian Information Solutions, Inc.
      c/o CT Corporation System
      2 N. Jackson Street, Suite 605
      Montgomery, AL 36104

      s/Clifford C. (Kip) Sharpe
      Clifford C. (Kip) Sharpe